IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL A. BACON,<br><br>               Plaintiff,<br><br>v.<br><br>DERRIK MARSHALL and JUDICIAL SUPERVISION SERVICES,<br><br>               Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Case #2:21-cv-00701-HCN-PK<br><br>District Judge Howard C. Nielson, Jr.<br>Magistrate Judge Paul Kohler |

     This case is referred to the undersigned from District Judge Howard C. Nielson, Jr. pursuant to 28 U.S.C. § 636(b)(1)(B). Plaintiff has filed two motions for the appointment of counsel, a motion to stay, and a motion to expedite. For the reasons discussed below, the Court will deny the motions.

I.  BACKGROUND

     Plaintiff, proceeding *pro se*[1] and *in forma pauperis*,[2] filed this civil rights action on December 1, 2021. Plaintiff asserts claims against Defendant Derrik Marshall, a United States Probation Officer, based on allegations that Officer Marshall displayed animus toward Plaintiff and provided false information to a magistrate judge resulting in Plaintiff's detention. Plaintiff further alleges that Judicial Supervision Services, a private entity that assists the United States

---

[1] *Pro Se*, Black's Law Dictionary (11th ed. 2019) ("One who represents oneself in a court proceeding without the assistance of a lawyer.").

[2] *In Forma Pauperis*, Black's Law Dictionary (11th ed. 2019) ("In the manner of an indigent who is permitted to disregard filing fees and court costs.").

Probation and Pretrial Services Office with its drug testing program,[3] violated his rights when they forced him to undress when procuring a urine sample for urinalysis.

## II.  DISCUSSION

A.     APPOINTMENT OF COUNSEL

Plaintiff has filed two motions seeking the appointment of counsel.[4] As has been explained,[5] Plaintiff has no constitutional right to counsel.[6] However, the Court may in its discretion, appoint counsel.[7] "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[8] When deciding whether to appoint counsel, the Court considers a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"[9]

Considering the above factors, the Court concludes appointment of counsel is not warranted. The Court finds that Plaintiff's claims are not meritorious, the factual issues are relatively straightforward, Plaintiff has the ability to present his claims, and the legal issues are not complex. Thus, the Court will deny Plaintiff's motions for appointed counsel.

---

[3] United States Probation and Pretrial Services, District of Utah, Drug Testing Program, https://www.utp.uscourts.gov/drug-testing-program (last visited October 4, 2022).

[4] Docket Nos. 34, 36.

[5] Docket No. 26.

[6] See *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

[7] 28 U.S.C. § 1915(e)(1).

[8] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[9] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).

B.      MOTION TO STAY AND MOTION TO EXPEDITE

Plaintiff has also filed a motion seeking to suspend these proceedings,[10] as well as a motion to expedite them.[11] These motions effectively cancel each other out and the Court finds it appropriate to proceed with screening Plaintiff's Complaint under 28 U.S.C. § 1915, which will be done by separate order.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motions to Appoint Counsel (Docket Nos. 34 and 36) and to Stay (Docket No. 34) and to Expedite (Docket No. 39) are DENIED.

DATED October 17, 2022.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge

---

[10] Docket No. 34.
[11] Docket No. 39.