IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL A. BACON,<br><br>             Plaintiff,<br><br>v.<br><br>DERRIK MARSHALL and JUDICIAL<br>SUPERVISION SERVICES,<br><br>             Defendant. | REPORT AND RECOMMENDATION<br><br><br>Case #2:21-cv-00701-HCN-PK<br><br>District Judge Howard C. Nielson, Jr.<br>Magistrate Judge Paul Kohler |

This case is referred to the undersigned from District Judge Howard C. Nielson, Jr. pursuant to 28 U.S.C. § 636(b)(1)(B). This matter is before the Court for *sua sponte*[1] screening of Plaintiff's Complaint. For the reasons discussed, the Court recommends this action be dismissed.

## I.  BACKGROUND

Plaintiff, proceeding *pro se*[2] and *in forma pauperis*,[3] filed this civil rights action on December 1, 2021. Plaintiff asserts claims against Defendant Derrik Marshall, a United States Probation Officer, based on allegations that Officer Marshall displayed animus toward Plaintiff and provided false information to a magistrate judge resulting in Plaintiff's detention. Plaintiff

---

[1] *Sua Sponte*, Black's Law Dictionary (11th ed. 2019) ("Without prompting or suggestion; on its own motion.").

[2] *Pro Se*, Black's Law Dictionary (11th ed. 2019) ("One who represents oneself in a court proceeding without the assistance of a lawyer.").

[3] *In Forma Pauperis*, Black's Law Dictionary (11th ed. 2019) ("In the manner of an indigent who is permitted to disregard filing fees and court costs.").

further alleges that Judicial Supervision Services, a private entity that assists the United States Probation and Pretrial Services Office with its drug testing program,[4] violated his rights when they forced him to undress when procuring a urine sample for urinalysis.

## II.  DISCUSSION

28 U.S.C. § 1915 governs all cases where a plaintiff is proceeding *in forma pauperis* ("IFP"). Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed IFP at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the litigant seeks monetary relief from a defendant who is immune from such a claim. Although § 1915(e)(2)(B) screening is not required before granting IFP status or ordering service on the defendant, the Tenth Circuit has encouraged district courts to screen IFP cases as soon as practical.[5]

Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally,[6] but will not assume the role of advocate for a *pro se* litigant.[7] "A district court may dismiss a case *sua sponte* under Federal Rule Civil Procedure 12(b) when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged."[8]

---

[4] United States Probation and Pretrial Services, District of Utah, Drug Testing Program, https://www.utp.uscourts.gov/drug-testing-program (last visited October 4, 2022).

[5] *See Buchheit v. Green*, 705 F.3d 1157, 1160 (10th Cir. 2012) ("Though screening might be a good practice and more efficient, we find that nothing in this language *requires* an assigned magistrate judge to screen a case for merit or to make a recommendation for dismissal to the district court before granting IFP status.").

[6] *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8] *Andrews v. Heaton*, 483 F.3d 1070, 1074 n.2 (10th Cir. 2007) (quotation marks and citation omitted).

Plaintiff asserts a claim under 42 U.S.C. § 1983. "A prerequisite to any relief under section 1983 is that the defendant has acted under color of state law."[9] Plaintiff has not alleged that either Marshall or Judicial Supervision Services "is a state official, . . . has acted together with or has obtained significant aid from state officials, or . . . [that their] conduct is otherwise chargeable to the State."[10] Rather, the allegations make clear that both Defendants were acting under color of federal law.[11] Where a plaintiff alleges that a defendant violated his constitutional rights while acting under color of federal law, the claims should be brought under *Bivens*.[12] Therefore, the Court will evaluate Plaintiff's claims under *Bivens*.

In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*,[13] the Supreme Court held that an individual may recover damages against federal officials for violating Fourth Amendment rights.[14] In that case, the plaintiff alleged that federal agents had unlawfully entered and searched his apartment; arrested him for narcotics violations; handcuffed him in front of his family; threatened to arrest his family; then took him to jail where he was

---

[9] *Barnard v. Young*, 720 F.2d 1188, 1188–89 (10th Cir. 1983).

[10] *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982) (describing ways in which a person "may fairly be said to be a state actor").

[11] Docket No. 23 ¶¶ 6, 7 (stating that "Defendant Derrik Marshall is a Federal Probation Officer" and "Defendant Judicial Supervision Services 'JSS' is an agency or company that is employed by the Federal Probation Department").

[12] *Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000) ("Under *Bivens*, an individual has a cause of action against a federal official in his individual capacity for damages arising out of the official's violation of the United States Constitution under color of federal law or authority.") (internal citations omitted).

[13] 403 U.S. 388 (1971).

[14] *Id.* at 397.

interrogated, booked, and strip-searched.[15] The Court noted that "the Fourth Amendment does not in so many words provide for its enforcement by an award of money damages for the consequences of its violation."[16] However, where the "case involve[d] no special factors counselling hesitation in the absence of affirmative action by Congress," monetary damages could be an available remedy.[17]

Since *Bivens* was issued, the Supreme Court has extended it on just two other occasions.[18] Together, "[t]hese three cases . . . represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself."[19] The Supreme Court has recently "made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity."[20] The Court's hesitancy to expand *Bivens* is based on "separation-of-powers principles" regarding whether the courts or Congress should decide whether to recognize a new damages remedy.[21] "The answer most often will be Congress."[22]

The Supreme Court has adopted a two-part framework for evaluating potential *Bivens* claims. The first question is "whether a case presents a new *Bivens* context."[23] "If the case is

---

[15] *Id.* at 389.

[16] *Id.* at 396.

[17] *Id.*

[18] *Davis v. Passman*, 442 U.S. 228, 245–48 (1979) (allowing damages for gender discrimination in violation of the Due Process Clause of the Fifth Amendment); *Carlson v. Green*, 446 U.S. 14, 18–23 (1980) (allowing damages for failure to provide adequate medical care in violation of the Eighth Amendment).

[19] *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017).

[20] *Id.* at 1857 (quoting *Iqbal v. Ashcroft*, 556 U.S. 662, 675 (2009)).

[21] *Id.*

[22] *Id.*

[23] *Id.* at 1859.

different in a meaningful way from previous *Bivens* cases decided by this Court, then the context is new."[24] Second, the Court considers whether special factors counsel against expanding *Bivens* into a new context.[25] The Supreme Court has not defined with certainty what constitutes a special factor.[26] However, "the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed. Thus, to be a 'special factor counselling hesitation,' a factor must cause a court to hesitate before answering that question in the affirmative."[27] With this framework in mind, the Court considers Plaintiff's claims.

A.     JUDICIAL SUPERVISION SERVICES

Plaintiff seeks to assert a *Bivens* claim against Judicial Supervision Services, an entity that provides support for the Probation Office's drug testing program. The Supreme Court has held that a plaintiff may not maintain a *Bivens* action against a private entity acting under color of federal law.[28] The Court noted "[t]he caution toward extending *Bivens* remedies into any new context, a caution consistently and repeatedly recognized for three decades, forecloses such an extension" to claims brought against private entities.[29] As Defendant Judicial Supervision Services is a private entity, Plaintiff has failed to state a *Bivens* claim against it.

---

[24] *Id.*

[25] *Id.* at 1857.

[26] *Id.*

[27] *Id.* at 1857–58.

[28] *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001).

[29] *Id.* at 74.

B.   DERRIK MARSHALL

Turning to Plaintiff's claim against Defendant Marshall, Plaintiff's claim arises in a new

*Bivens* context and special factors counsel against expanding *Bivens* to his claim. To determine

whether a claim presents a new *Bivens* context, the Court considers whether "the case is different

in a meaningful way from previous *Bivens* cases decided by this Court."[30] The only three cases

in which the Supreme Court has recognized a *Bivens* remedy are: (1) a Fourth Amendment claim

against FBI agents for handcuffing a man in his home without a warrant; (2) a Fifth Amendment

gender discrimination claim against a congressman for firing his female administrative assistant;

and (3) an Eighth Amendment claim against prison officials for failure to provide adequate

medical care.[31] Plaintiff's claim is far different from those the Supreme Court has previously

recognized. None of those cases involved a supervising officer displaying animus and allegedly

submitting false information to a court.[32]

The Court must next consider whether there are special factors that counsel hesitation in

expanding *Bivens* to cover Plaintiff's claim. Congress has already established a statutory

framework for remedying torts committed by federal officers, the Federal Tort Claims Act

("FTCA").[33] "[W]hen alternative methods of relief are available, a *Bivens* remedy usually is

---

[30] *Ziglar*, 137 S. Ct. at 1859.

[31] *See Carlson*, 446 U.S. at 18–23; *Davis*, 442 U.S. at 245–48; *Bivens*, 403 U.S. at 397.

[32] *See Manansingh v. United States*, Case No. 2:20-cv-01139-DWM, 2021 WL 2080190, at *9 (D. Nev. May 24, 2021) (finding that a "Fifth Amendment fabricated evidence claim based on the conduct of probation officers is unquestionably a new context").

[33] *See Hernandez v. Mesa*, 140 S. Ct. 735, 748 (2020) (considering scope of FTCA remedies in determining whether to create a new *Bivens* remedy).

not."[34] Additionally, expanding *Bivens* here would "run the risk of interfering with the supervision of offenders released back to the community."[35]

> Supervising offenders following their release from incarceration obviously is not an easy task. Because they are often vulnerable to breaking the law, federal probation officers are expected to maintain close surveillance of such offenders and verify that their behavior remains within legal bounds and is consistent with the court-imposed conditions of release. . . . Supervision-based *Bivens* claims . . . could possibly interfere with the difficult responsibilities of probation officers.[36]

The potential interference with the important work of supervising officers suggests that "there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy as part of the system for enforcing the law and correcting a wrong,"[37] and so "the courts must refrain from creating the remedy in order to respect the role of Congress in determining the nature and extent of federal-court jurisdiction under Article III."[38] Therefore, Plaintiff fails to state a viable claim against Defendant Marshall.

The Court must next decide whether to recommend dismissal with or without prejudice. A court may dismiss a *pro se* complaint with prejudice where any attempt to amend the complaint would be futile.[39] Here, any attempt for Plaintiff to amend his Complaint to assert a

---

[34] *Ziglar*, 137 S. Ct. at 1863.

[35] *Carvajal v. United States*, Case No. 3:20-CV-567-S-BK, 2021 WL 2814883, at *4 (N.D. Tex. May 11, 2021).

[36] *Id.*

[37] *Ziglar*, 137 S. Ct. at 1858.

[38] *Id.*

[39] S*ee Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999) ("Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.").

*Bivens* claims against these Defendants would be futile for the reasons discussed. Therefore, it is recommended that his Complaint be dismissed with prejudice.

**RECOMMENDATION**

For these reasons, the undersigned recommends this action be dismissed with prejudice.

Copies of this Report and Recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED October 17, 2022.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge